SHELLMIRE (UNITED STATES v.). See Case No. 16,271.

---

## Case No. 12,751.

### SHELLY v. BRANNAN.

[2 Biss. 315; 4 Fish. Pat. Cas. 198.] [1]

Circuit Court, S. D. Illinois.  June, 1870.

PATENTS — PRELIMINARY INJUNCTION — WHEN GRANTED—EQUITABLE REMEDY—. LIMEKILNS.

1. If the rights under the patent are clear. and the infringement by the defendant free from doubt, and particularly after use of the invention by the patentee for a considerable time without controversy, the modern practice is not to compel the plaintiff in the first instance to proceed at law.

2. Under such circumstances it is the general practice to apply to the equitable side of the court for relief, which in a proper case is given without hesitation.

3. The patent never having been the subject of litigation, the complainant was ordered to file an injunction bond before the issue of the writ.

[Cited in Tobev Furniture Co. v. Colby, 35 Fed. 594.]

4. Griscom and Denn's patent for limekilns construed.

In equity.  Motion for a provisional injunction to restrain the defendants from infringing letters patent [No. 18,635] for "an improvement in limekilns," granted to Powell Griscom and Charles S. Denn, November 17, 1857, to which a specification of additional improvements was annexed February 23, 1858 [No. 192].

The nature of the invention consisted in an arrangement embracing, for united operation, the following features: (1) An inverted, oblong, pyramidal lime basin in the base of the kiln, having discharge and clearing passages. (2) Fire grates and ash-pits, extending from the front to the back of the basin on each of the oblong sides of the same, but divided by central partitions. (3) A pyramidal burning stack, with a chamber of oblong, quadrilateral form at its base. and gradually running into an oval form as it terminated, and having fire chambers extending from front to back. but divided at the center by partitions, and having also lateral flame and hot air passages leading directly into the chamber of the pyramidal stack along the whole width of the quadrilateral portion of the burning chamber.

The disclaimers and claim were as follows: "We do not wish to be understood as claiming any of the parts separately; but we claim the peculiar combination and arrangement of the parts and for the purposes set forth."

The claim of the additional improvement was as follows: "We claim the combination of the transverse partition with the oblong, inverted pyramidal basin, oblong stack and enlarged draft flues. when said flues are

[1] [Reported by Josiah H. Bissell, Esq.. reprinted by Samuel S. Fisher. Esq., and here republished by permission.]

used as auxiliary furnace doors. the whole being arranged substantially as and for the purpose set forth."

Samuel S. Boyd, for complainant.
Stuart, Edwards & Brown, for defendant.

DRUMMOND, Circuit Judge. This is an application for an injunction by the complainant, as the assignee for the county of Madison, in this state, for a patent issued to Powell Griscom and Charles S. Denn, November 17, 1857, for an improvement in lime-kilns, together with additional improvements made by them thereto on February 23, 1858. The additions referred to in the latter improvement seem to be connected mainly with the construction of a central partition wall, which divides the basin stack and drain pits, thus constituting substantially two chambers or limekilns, out of one; and as the defendant has not used this, the improvement of February 23, 1858, need not be further considered.

The controversy turns on the nature of the original improvement of November 17, 1857; and as no serious question is made upon the validity of the patent of Griscom and Denn, upon the fact whether the defendant has violated the first patented improvement by the construction and operation of the limekiln used by him at Alton.

Perhaps the claim of the patentees might have been described with more clearness and precision in the schedule. The language is that they do not claim the various parts described separately. but the peculiar arrangement and combination of the parts substantially as described. and for the purposes set forth.

In examining the schedule of their invention it seems to consist of a peculiarly constructed lime basin at the bottom of the kiln. of an inverted. oblong, pyramidal form of fire grates and ash-pits. extending from the front to the back of the basin and on each side of the same and on both sides of the kiln; but the fires are divided by a central partition so that the wind cannot blow through the ash-pits and furnaces from one side to the other of the limekiln, and having open air passages from the furnaces to the stack, the stack itself being constructed of a quadrilateral oval form. These parts are described in detail, and by reference to the drawings annexed to the schedule. Applying the claim to the description. what the patentees regarded as their invention was the combination of these various parts. as set forth by them, and for the purposes named.

Does the defendant use the limekiln thus patented to Griscom and Denn, and of which the plaintiff is the assignee for the county of Madison? We have no model produced by the complainant, as there should have been, of the limekiln described in the schedule, and covered by the original improvement of November 17, 1857; we have, therefore. only the description contained in the schedule and the reference to the annexed drawings to determine the nature of the invention.

There is a model produced which is alleged to be a correct representation of the limekiln used by the defendant, and comparing the affidavits and pleadings of the parties. it remains only to determine upon the substantial identity of the two limekilns. Undoubtedly there are points of distinction as insisted on in the affidavits filed by the defendant.

But treating the model offered in evidence as a true representation of the defendant's kiln, as I believe from the evidence it is, then the two kilns appear to be essentially the same. The basin and stack are substantially of the same form. The defendant's kiln. like the plaintiff's has an oblong, inverted, pyramidal basin. and a quadrilateral oval stack. It has, like the plaintiff's the same construction of furnaces. grates, ash-pits, air passages and central partition to prevent the wind from blowing through the kiln, a peculiarity not known in Barnard's kiln, of which defendant's claims to be a pattern. In these and many other particulars which might be named, the kilns of the plaintiff and defendant seem to be substantially alike. If the kiln of the plaintiff is protected by the patent to Griscom and Denn, of November 17, 1857, which is not seriously controverted, then the defendant is infringing on the rights of the plaintiff.

Some objection was made to the interposition of the court by an injunction before the right at law had been established. and because that law could furnish adequate relief. But the modern practice is, if the rights under the patent are clear, and the infringement by the defendant free from doubt, and particularly after the use for a considerable time, without controversy, of the invention patented, not to compel the plaintiff in the first instance to proceed at law.

In many cases a remedy in that way is found to be incomplete; and, therefore, now in the contingency named, it is the general practice to apply to the equitable side of the court for relief which in a proper case is given without hesitation.

The injunction will. therefore, be granted in this case, but as the patent of Driscom and Denn has never been the subject of litigation, either at law or equity, and the defendants may desire the case should go to proofs and hearing. I will, if the defendant requires it, direct, before the writ issues, a proper injunction bond to be filed.